# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

SENIORS' CLUB, LLC., A
LOUISIANA LIABILITY COMPANY,
SENIOR'S CLUB ADHC AND PCA
CENTER (LOUISIANA MEDICAID
PROVIDER NO. 17259),
SENIOR'S CLUB ADULT DAY
HEALTH (LOUISIANA MEDICAID
PROVIDER NO. 56088),
SENIOR'S CLUB (LOUISIANA
MEDICAID PROVIDER NO.
11460),

VERSUS

STATE OF LOUISIANA, THROUGH
THE DEPARTMENT OF HEALTH AND
HOSPITALS, HON. KATHY H.
KLIEBERT, IN HER OFFICIAL
CAPACITY AS SECRETARY,
LOUISIANA DEPARTMENT OF
HEALTH AND HOSPITALS

**AUGUST 03, 2020**

---

In Re:    The State of Louisiana, through the Department of Health and Hospitals, Kathy Liebert , in her official capacity as former Secretary of the Louisiana Department of Health and Hospitals, Ruth Kennedy, in her official capacity as the Medicaid Director of the Louisiana Department of Health and Hospitals, and Joseph Kopsa, in his official capacity as former Section Chief of Program Interity of the Louisiana Department of Health and Hospitals, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 630653.

---

**BEFORE:    HIGGINBOTHAM, PENZATO, AND LANIER, JJ.**

**WRIT GRANTED IN PART AND DENIED IN PART.** The district court's March 12, 2020 judgment which denied the motion for summary judgment filed by the defendants, State of Louisiana, through the Department of Health and Hospitals; Hon. Kathy H. Kliebert, in her official capacity as Secretary, Louisiana Department of Health and Hospitals, is reversed in part.

Administrative agencies and their officers are immune from liability when those agencies and officers perform discretionary acts within the course and scope of their lawful powers and duties. La. R.S. 9:2798.1(B). The Medical Assistance Programs Integrity Law ("MAPIL") was enacted for the purpose of protecting the fiscal integrity of Louisiana's medical assistance programs from health care providers who engage in fraud, misrepresentation, abuse, or other ill practices to obtain payments to which these providers are not entitled, and the Louisiana Department of Health and Hospitals ("LDH") is tasked with promulgating rules and regulations to enforce MAPIL. La. R.S. 46:437.2(B). "Post-payment review is conducted at the absolute discretion" of LDH. 50 La. Admin. Code, Pt. I, § 4117(A)(2)(d). After payment to a provider, LDH may review any

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

or all payments made to a provider for the purpose of determining if the amounts paid were for valid claims. 50 La. Admin. Code, Pt. I, § 4117. If it is determined that the provider may have been overpaid, LDH must conduct an investigation to determine the reasons for and estimated amounts of the alleged overpayments, and the results of the post-payment review may result in the imposition of sanctions. **Id.**

Accordingly, we find that the defendants met their burden of proving that their actions herein were discretionary, entitling them to immunity pursuant to La. R.S. 9:2798.1(B). The burden then shifted to the plaintiffs, Seniors' Club, L.L.C., A Louisiana Liability Company, Senior's Club ADHC and PCA Center (Louisiana Medicaid Provider No. 17259), Senior's Club Adult Day Health (Louisiana Medicaid Provider No. 56088), Senior's Club (Louisiana Medicaid Provider No. 11460), Mrs. Karen R. Mccoy, and Mr. T.J. Mccoy, Jr., to show that a genuine issue of material fact existed or that the defendants were not entitled to judgment as a matter of law based on an exception to that immunity as set forth in La. R.S. 9:2798.1(C)(2), which the plaintiffs failed to meet.

Lastly, governmental discretionary immunity only applies to tort claims. See **City of Shreveport v. Caddo Parish.**, 27,519 (La. App. 2d Cir. 6/23/95), 658 So.2d 786, 797, writs denied, 95-2285, 95-2298 (La. 11/27/95), 663 So.2d 728, 729. Therefore, the motion for summary judgment is granted in part, and all of the plaintiffs' tort claims against the defendants are dismissed. The writ application is denied as to the plaintiffs' breach of contract claims.

**TMH**
**AHP**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT